UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Trustees of the UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL 154 WELFARE, PENSION, ANNUITY, and APPRENTICESHIP AND TRAINING FUNDS,<br><br>                             Plaintiffs,<br><br>         -against-<br><br>ISG 1, INC.,<br><br>                             Defendant. | 16 cv 4693<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.    This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (the "Taft-Hartley Act"), and other applicable law, to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and pursuant to 29 U.S.C. §§ 185 and 1132(e)(1).

3.    Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the United Union of Roofers, Waterproofers and Allied Workers Local 154 Welfare, Pension, Annuity and Apprenticeship and Training Funds (collectively, the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with section 302(c) of the Taft-Hartley Act, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Funds maintain their principal place of business at 370 Vanderbilt Motor Parkway, Suite 1, Hauppauge, New York 11788.

5. Upon information and belief, Defendant ISG 1, Inc. ("ISG") is a corporation organized under the laws of the State of New York. At relevant times, ISG was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. ISG maintains its principal place of business at 155 Oakside Dr., Smithtown, New York 11787.

## BACKGROUND

6. The United Union of Roofers, Waterproofers and Allied Workers, Local No. 154, AFL-CIO (the "Union") is a labor organization within the meaning of section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the Taft-Hartley Act, 29 U.S.C. § 142.

7. At relevant times, ISG was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Agreement") with the Union.

8.  The Agreement required ISG to make specified hourly contributions to the Funds and related entities on whose behalf the Funds act as collection agents, in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

9.  In addition, the Agreement required ISG, *inter alia*, to submit periodic reports to the Funds, to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and to submit any disputes to final, binding arbitration.

10. From March 2015 through April 2016, employees of ISG performed Covered Work. In connection with this Covered Work performed, ISG failed to make $66,008.63 in required contributions to the Funds.

## **FIRST CLAIM FOR RELIEF**

11. Plaintiffs repeat the allegations set forth in paragraphs 1 through 10 above and incorporate them herein by reference.

12. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13. By its failure to contribute $66,008.63 to the Funds in connection with Covered Work performed from March 2015 through April 2016, ISG contravened the Agreement and section 515 of ERISA, 29 U.S.C. § 1145.

14. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

15. Under the Agreement and/or the documents and instruments governing the Funds, employers whose contributions are delinquent are liable for interest at the rate of 10% per annum, liquidated damages of 10% of the principal amount due, and all reasonable attorneys' fees, expenses, and costs incurred by the Funds in prosecuting this suit.

16. Accordingly, in connection with Covered Work performed from November 2015 through July 2016, ISG is liable to the Funds for $66,008.63, plus liquidated damages of $6,600.86, interest at the rate of ten percent (10%) per annum, attorneys' fees, and costs.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against ISG for contributions of $66,008.63 plus interest at the rate of ten percent (10%) per annum and liquidated damages of $6,600.86;

(2) Award Plaintiffs all reasonable attorneys' fees, expenses, and costs that they incur in prosecuting this suit; and

(3) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York      Respectfully submitted,
August 23, 2016

**VIRGINIA & AMBINDER, LLP**

By: _/s/ Charles R. Virginia_

Charles R. Virginia
Nicole Marimon
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080

*Attorneys for Plaintiffs*